MEMORANDUM **
Appellant A. Farber & Partners, Inc. (the “Receiver”) was appointed interim re *491 ceiver over the assets of Salim Damji and Strategic Trading Systems Instant White (“STS”) by an order issued by the Ontario Superior Court of Justice. The Receiver’s appointment followed a Canadian class action by a group of investors against Damji for fraud. Acting under the order, the Receiver brought this RICO action against Maynard Garber and the other defendants. The Receiver now appeals the district court’s order granting summary judgment on the ground that the Receiver lacked standing to bring a RICO action.
Under RICO’s civil suit provision, “any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district.” 18 U.S.C. § 1964(c). The Receiver has alleged that the defendants violated several provisions of § 1962 as part of a large-scale money laundering scheme that involved transfers of approximately $34 million out of Canada to various straw companies and illegal gambling operations. The only issue before this court is whether the Receiver has standing under 18 U.S.C. § 1964(c) to assert these RICO claims against the defendants.
Section 7(e) of the Canadian receivership order authorizes the Receiver “to initiate, prosecute and continue the prosecution of any and all proceedings as may in its judgment be necessary or desirable to properly protect or realize upon the Property.” E.R. 8: 1464. By the terms of this section of the court’s order, the Receiver is not the personal representative of Damji and does not stand in his shoes. The Receiver’s power springs from its appointment to collect and preserve the Property. The “Property” is defined in the order as “all of the present and future assets, undertaking and property of [Damji and STS] and any funds, proceeds or other assets directly or indirectly related to the funds allegedly raised by [Damji and STS] as alleged in [the Canadian class action complaint].” E.R. 8: 1462-63. This RICO action was authorized by the Canadian receivership order and approved by the Ontario Superior Court of Justice.
The Receiver’s averments that (1) the defendants participated in a conspiracy to launder funds over which the Receiver has legal control, and (2) that the Receiver suffered injury when the funds under its protection were transferred by the defendants’ RICO violations, sufficiently allege that the Receiver was injured in its property by reason of a violation of section 1962. 18 U.S.C. § 1964(c). Accordingly, we find that the district court erred in holding that the Receiver did not have standing to bring its RICO claims under § 1964(c).
When the district court ruled in favor of Garber, there was a motion pending for terminating sanctions filed by the Receiver against Garber. The magistrate judge had heard oral arguments on the sanctions motion, but had not yet issued a ruling. Because we find that the Receiver has standing to bring this action, the terminating sanctions motion remains active before the magistrate judge.
The judgment of the district court is REVERSED and REMANDED for proceedings in accordance with this decision.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.